UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEOFREY GITHUI KINYUA, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>REPUBLIC OF THE SUDAN, *et al.*,<br><br>    Defendants. | **Civil Action No. 14-2118 (JDB)** |

### PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT

Plaintiffs, Geofrey Githui Kinyua, et al., by Counsel, respectively move the Court for the entry of default against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security (collectively "Iran"), pursuant to Fed. R. Civ. P. 55(a), and the provisions of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608.

In support of this Motion, Plaintiffs state as follows:

1.   Defendants were served pursuant to the provisions of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608, which "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989).

2.   28 U.S.C. § 1608 sets forth the requirements for sufficient service on a foreign sovereign. Pursuant to 28 U.S.C. § 1608(a)(4), service is available by sending two copies of the summons and complaint and a notice of suit, together with a translation of each "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services . . . ." The Secretary of State shall then transmit one copy of the papers through diplomatic channels to the foreign state, and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

3. According to the Special Note on Page 5, Section 11(f), of the United States District Court for the District of Columbia Attorney Manual For Service of Process On A Foreign Defendant ("Attorney Manual"), an attorney may request service on the Islamic Republic of Iran and its political subdivisions directly through diplomatic channels without first attempting service under any other provision of 28 U.S.C. § 1608(a), because many attempts at service by mail or courier on Iran are unsuccessful.

4. Plaintiffs strictly adhered to the literal requirements of section 1608(a)(4) as to all non-served Defendants.

5. The Department of State filed a return of service affidavit for Defendant, the Islamic Republic of Iran indicating that service was executed on June 2, 2015, meaning an answer or responsive pleading was due by August 1, 2015. (Dkt. Entry No. 16). Defendant the Islamic Republic of Iran has not filed an answer or responsive pleading.

6. The Department of State filed a return of service affidavit for Defendant, the Iranian Ministry of Information and Security indicating that service was executed on June 2, 2015, meaning an answer or responsive pleading was due by August 1, 2015. (Dkt. Entry No. 16). Defendant the Iranian Ministry of Information and Security has not filed an answer or responsive pleading.

WHEREFORE, Plaintiffs pray respectfully that the Motion for Entry of Default Judgment is granted and the Court enter an Order of Default as to each of the named Defendants.

Respectfully submitted,

DATED: October 28, 2015    By:  */s/ Nazareth M. Haysbert*
Nazareth M. Haysbert (*pro hac vice*)
HAYSBERT MOULTRIE, LLP
700 South Flower Street, 11th Floor
Los Angeles, CA 90017
(310) 704-7233
(757) 728-6253 Fax
nazareth@haysbertmoultrie.com

Raymond P. Boucher (*pro hac vice*)
BOUCHER, LLP

21600 Oxnard Street, Suite 600
Woodland Hills, CA 91367
(818) 340-5400
(818) 340-5401 Fax
ray@boucher.la

Daniel S. Ward (DC Bar No. 474339)
WARD & WARD, P.L.L.C.
2020 N. Street, NW
Washington D.C. 20036
Telephone: (202) 331-8160
dan@wardlawdc.com

*Attorneys for Plaintiffs*