# UNITED STATED DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

GEOFFREY GITHUI KINYUA, *et al.*,

        Plaintiffs,

vs.

REPUBLIC OF THE SUDAN, *et al.*,

        Defendants.

Civil Action No. 14-2118 (JDB)

## PLAINTIFFS' MOTION FOR JUDICIAL NOTICE AND FOR ENTRY OF DEFAULT JUDGMENT AGAINST IRANIAN DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Plaintiffs, Geofrey Githui Kinyua, Edward Ngatia Kinyua, Joseph Wachira Kinyua, Susan Wanjugu Wachira, Mary Wanjiru Kinyua, Winnie Wangui Kinyua, and Martin Munga Njeri (collectively "Plaintiffs"), by Counsel, respectfully move the Court to: (1) take judicial notice of all the findings of fact and conclusions of law contained in the Court's November 30, 2011 Memorandum Opinion[1] entered in the related case of *Amduso v. Republic of Sudan*, CA No. 08-1361, ECF No. 63 (JDB) (D.D.C. January 29, 2013), attached hereto as Exhibit A; and (2) to adopt the findings of fact and conclusions of law contained therein and find them to be fully applicable to this pending matter. As in *Amduso*, Plaintiffs' damages may be established in proceedings before a special master, or alternatively, by an appointed magistrate judge.

This Motion is based on the following memorandum of points and authorities, the documents on file in this case, and such other information as the Court may allow and consider.

---

[1] Reported as *Owens v. Republic of Sudan*, 826 F.Supp.2d 128 (D.D.C. 2011).

## PROCEDURAL HISTORY

On August 7, 1998, the United States embassy in Nairobi, Kenya was devastated by a suicide bombing that killed scores of people and left hundreds injured. Hundreds of plaintiffs filed several lawsuits against, among others[2], the Islamic Republic of Iran ("Iran"), and the Iranian Ministry of Information and Security ("MOIS") (collectively "Iranian Defendants") for their material support of Osama Bin Laden and Al Qaeda, which caused the wrongful deaths and injuries suffered in the bombings. The original group of victims from the attack filed lawsuits entitled *Amduso v. Republic of Sudan*, CA No. 08-1361 (JDB), *Onsongo v. Republic of Sudan*, CA No. 08-1380 (JDB), and *Wamai v. Republic of Sudan*, CA No. 08-1349 (JDB) against the Iranian Defendants for their material support of Osama Bin Laden and the Al Qaeda terrorist group under 28 U.S.C. § 1605A. Defendants defaulted in these lawsuits, and after a three-day hearing, this Court entered a liability judgment against them. *Amduso v. Republic of Sudan*, CA No. 08-1361, Docket Nos. 62-63 (JDB) (D.D.C. January 29, 2013).

On December 15, 2014, Plaintiffs, who were not parties to the prior actions but were injured by the same bombing attack, filed the present case against the same Defendants under 28 U.S.C. § 1605A (ECF 1). Pursuant to 28 U.S.C. § 1608(a)(4), Plaintiffs served the Iranian Defendants on June 2, 2015. (ECF 16). The Iranian Defendants had sixty (60) days to file an answer or responsive pleading, pursuant to 28 U.S.C. § 1608(c)(1). The Iranian Defendants have not filed an answer or responsive pleading.

---

[2] Plaintiffs also filed suit against the Republic of the Sudan and the Ministry of the Interior of the Republic of the Sudan.  The Sudanese defendants and the Iranian defendants will hereinafter be collectively referred to as "Defendants".

On October 28, 2015, Plaintiffs filed a motion for entry of default against the Iranian Defendants. (ECF 25). On October 29, 2015, the Clerk entered a default against the Iranian Defendants. (ECF 26).

Plaintiffs now respectfully request that this Court take judicial notice of and adopt all of the findings of fact and conclusions of law as to the Iranian Defendants contained in its November 30, 2011 Memorandum Opinion in *Amduso*, and apply them in this matter. Judicial notice is appropriate here because Plaintiffs' case and the *Amduso* case both assert the same causes of action against the same Iranian Defendants based on injuries arising out of the same terrorist attack. As such, this case and *Amduso* share the same underlying facts and legal issues as related to the Iranian Defendants.

## ARGUMENT

### I. AS IN *AMDUSO*, THIS COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS

Under 28 U.S.C. § 1605A(a)(2), the court shall hear a claim against a foreign state if: (1) the foreign state was designated as a state sponsor of terrorism at the time the terrorist act occurred; and (2) the claimants or the victims were U.S. Government employees at the time of the attacks, or derive their claims as a family member thereof. In the present case, the first requirement is met because Iran was designated as a state sponsor of terrorism by the United States Department of State on January 19, 1984, and the Department of State maintains that designation. *See Owens v. Republic of Sudan*, 826 F. Supp. 2d 128, 135 (D.D.C. 2011). Plaintiffs meet the second requirement because they are victims who were U.S. Government employees at

the time of the attacks or derive their claims as a family member thereof.[3] Accordingly, the Court has subject matter jurisdiction over these claims.

## II. THIS COURT SHOULD TAKE JUDICIAL NOTICE OF AND ADOPT ITS PREVIOUS FINDINGS REGARDING LIABILITY OF THE IRANIAN DEFENDANTS FOR THE AUGUST 7, 1998 BOMBING OF THE U.S. EMBASSY IN KENYA.

Plaintiffs in this action are victims[4] of the August 7, 1998 coordinated suicide bombings of the United States embassies in Nairobi, Kenya and Dar es Salaam, Tanzania. As alleged in Plaintiffs' Complaint and as found in *Amduso*, the Iranian Defendants provided material support for the embassy attacks that led to Plaintiffs' injuries. It is therefore appropriate for the Court to take judicial notice of its finding in *Amduso* that the Iranian Defendants supported the attack and are therefore liable for the injuries that flowed from it.

In *Amduso*, the Iranian Defendants defaulted and did not make an appearance. Similarly, the Iranian Defendants have also defaulted and failed to answer in this case. (ECF 26).

The issues pertaining to the Iranian Defendants' liability in this matter are the same as those that were before the Court in *Amduso*. Accordingly, the Court's prior findings regarding liability in *Amduso* may properly be applied in this case. Plaintiffs' injuries were all caused by the suicide bombing of the U.S. Embassy in Nairobi, Kenya, as described in *Amduso*, judicial economy and public policy favor adoption of the same findings of liability in this case.

---

[3] Proof on this issue for each Plaintiff will be submitted during the damages phase of the litigation, as the Court allowed in *Amduso v. Republic of Sudan*, CA No. 08-1361 (JDB), *Onsongo v. Republic of Sudan*, CA No. 08-1380 (JDB), and *Wamai v. Republic of Sudan*, CA No. 08-1349 (JDB).

[4] "Plaintiffs have satisfied their burden under 28 U.S.C. § 1608(e) to show that the Iranian defendants provided material support and resources to Bin Laden and al Qaeda for acts of terrorism, including extrajudicial killings . . . . Plaintiffs have demonstrated several reasonable connections between the material support provided by defendants and the two embassy bombings." *Owens v. Republic of Sudan*, 826 F. Supp. 2d 128, 150-51 (D.D.C. 2011).

4

Pursuant to Federal Rule of Evidence 201, this Court may take judicial notice of the findings of fact in *Amduso* because, as described in the Memorandum Opinion, they are capable of being accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Once the facts are judicially noticed, they will be conclusive as to the liability of the Iranian Defendants in this case, thereby obviating the need for a further trial on the issue of the liability of the Iranian Defendants.

This Court and others have taken judicial notice of previously entered findings of fact and conclusions of law in other cases involving the Foreign Sovereign Immunities Act ("FSIA"). Where a Court has entered findings of fact and conclusions of law regarding a single attack, those findings are subsequently applied to later filed cases with different plaintiffs arising out of the same attack. *See e.g*. *Buonocore v. Great Socialist People's Libyan Arab Jamahiriya*, 2013 U.S. Dist. LEXIS 11564 at *71 (D.D.C. Jan. 29, 2013) (citing *Botvin v. Islamic Republic of Iran*, 510 F. Supp. 2d 101, 103 (D.D.C. 2007); *Certain Underwriters at Lloyd's London v. Great Socialist People's Libyan Arab Jamahiriya*, 811 F. Supp. 2d 53, 54 (D.D.C. 2011)).

Plaintiffs therefore request that the Court adopt the findings of fact and conclusions of law regarding the Iranian Defendants' liability for the terrorist attacks in *Amduso*, and appoint a Special Master to hear evidence regarding Plaintiffs' damages to support entry of Judgment against the Iranian Defendants in this case.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court take judicial notice pursuant to Federal Rule of Evidence 201 of the findings of fact in the *Amduso* case regarding the Iranian Defendants' liability for Plaintiffs' injuries arising out of the bombing of the U.S. embassy in Kenya. Plaintiffs further request that the Court appoint a special master or

magistrate to determine an appropriate damages award for each Plaintiff to support entry of Judgment against the Iranian Defendants.

DATED: December 1, 2015

Respectfully submitted,

By: /s/ *Nazareth M. Haysbert*
Nazareth M. Haysbert (*pro hac vice*)
HAYSBERT MOULTRIE, LLP
700 South Flower Street, 11th Floor
Los Angeles, CA 90017
(310) 704-7233
(213) 947-3363 Fax
nazareth@haysbertmoultrie.com

Raymond P. Boucher (*pro hac vice*)
BOUCHER, LLP
21600 Oxnard Street, Suite 600
Woodland Hills, CA 91367
(818) 340-5400
(818) 340-5401 Fax
ray@boucher.la

Daniel S. Ward (DC Bar No. 474339)
WARD & WARD, P.L.L.C.
2020 N. Street, NW
Washington D.C. 20036
Telephone: (202) 331-8160
dan@wardlawdc.com

*Attorneys for Plaintiffs*